UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 11-12004-RGS

WILSON MEJIA

v.

JEFFREY GRONDOLSKY, Warden,
Federal Medical Center Devens

ORDER ON RESPONDENT'S
MOTION TO DISMISS

February 16, 2012

STEARNS, D.J.

Petitioner Wilson Mejia challenges the Bureau of Prisons' (BOP) calculation of the length of his federal sentence claiming that he was "denied pre-jail time credit without due process of law," and that he is entitled to credit for the time that he spent in state custody. Mejia asks this court to order, *nunc pro tunc*, that his state and federal sentences run concurrently. Respondent Jeffrey Grondolsky, Warden of the Federal Medical Center at Devens, moves to dismiss the petition.

The analysis begins with a bedrock principle: the BOP has the exclusive authority to calculate a federal sentence. *See United States v. Wilson*, 503 U.S. 329 (1992). *See also* 28 C.F.R. § 0.96 (2002). Pursuant to 18 U.S.C. § 3585,

(a) a term of imprisonment commences on the date the defendant is

received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served. . . . (b) Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences– (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

It is within the authority of the BOP to designate, *nunc pro tunc*, the state facility where a prisoner is serving a state sentence, for service of all or a portion of an inmate's federal sentence, in effect making the state and federal sentences concurrent. *Woodall v. Fed'l Bur. of Prisons,* 432 F.3d 235, 245-246 (3d Cir. 2005). However, the BOP "may place a prisoner where it wishes, so long as it considers the factors enumerated in § 3621."[1] Judicial review of the BOP's decision to grant or deny a *nunc pro tunc* designation is "limited to abuse of discretion." *Id*.

On April 19, 2007, Mejia was sentenced in the United States District Court for

---

[1] Section 3621(b) provides that the BOP must consider at least five factors in making placement decisions: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence - (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28.

the Southern District of New York, (06cr505-01(JES)) to a 46-month term of imprisonment for illegal reentry in violation of 8 U.S.C. § 1326 (a)(b)(2). On October 17, 2007, Mejia was sentenced in the Supreme Court, New York County, New York (2384N-2006) to a 6-year term of imprisonment for criminal possession of a controlled substance. The state court ordered the term to begin *nunc pro tunc* on May 3, 2006, the date of his arrest on the state charge.[2] On August 6, 2010, Mejia was released from his state sentence at Prince William Adult Detention Center and taken into custody by the United States Marshals Service for commencement of his federal sentence.

BOP Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), and 18 U.S.C. § 3585(b), preclude the application of jail credit for time that has been credited against another sentence. *See also Wilson*, 503 U.S. at 337 (in section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time."). Because Mejia received credit toward his state sentence from the date of his arrest, May 3, 2006, through the date of his release, August 6, 2010, BOP did not award prior custody credit against his federal sentence. *See* Melick Decl. ¶ 12.

Mejia claims that his federal sentence should have been served first – and "since it [was] not, it owes [him] the pre-jail credit." Appl. at 6. Mejia requested a

---

[2] Because the state sentence began on the date of arrest, the state court did not award any prior custody credit. Melick Decl. ¶ 9.

retroactive *nunc pro tunc* designation to "correct such error." Appl. at 1.  The BOP avers that it considered the factors enumerated at 18 U.S.C. § 3621 (b), and ultimately denied Mejia's request.[3]  *See* Melick Decl. ¶ 15.  As there is no evidence that the BOP abused its discretion in denying Mejia's request, the motion to dismiss will be allowed.

### ORDER

For the foregoing reasons, the motion to dismiss is <u>ALLOWED</u>.  The clerk will issue an Order of Dismissal and close the case.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE

---

[3] Specifically, Melick testifies that the BOP wrote to the sentencing court soliciting its view regarding the sentences and, in a written response, the court declined to take any position on *nunc pro tunc* designation.  The BOP provides as Ex. M to the Melick Declaration, the BOP's "Factors Under 18 U.S.C. § 3621(b) Worksheet" in support of his testimony that the BOP gave "full consideration . . . of the five factors . . . ."  Melick Decl. ¶ 15.